IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

THOMAS GLENN FLYNT                                        PETITIONER

v.                                    CIVIL ACTION NO. 2:18-CV-50-KS-JCG

BOBBY FAIRLEY, WARDEN                                    RESPONDENT

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Petition under 28 U.S.C. § 2254 for a Writ of
Habeas Corpus by a Person in State Custody (ECF No. 1), filed by Petitioner
Thomas Glenn Flynt. The Petition challenges Flynt's 2013 conviction for
manslaughter. Having considered the submissions of the parties, the record, and
relevant legal authority, the undersigned United States Magistrate Judge
recommends that Petitioner's request for relief pursuant to 28 U.S.C. § 2254 be
denied. Flynt has not demonstrated that he is entitled to federal habeas relief.

## I. BACKGROUND

Flynt is a postconviction inmate in the custody of the Mississippi Department
of Corrections. After a jury trial in the Circuit Court of Forrest County, Mississippi,
Flynt was convicted of manslaughter on October 16, 2013. He was sentenced to
twenty years, with five years suspended and fifteen to serve, with an additional five
consecutive years for a firearm enhancement. After his Motion for Judgment
Notwithstanding the Verdict or, in the Alternative, a New Trial was denied, Flynt
appealed, and the Mississippi Supreme Court affirmed his conviction. *Flynt v. State*,
183 So. 3d 1 (Miss. 2015).

Flynt raised one issue during his state appeal: "[w]hether the trial court erred when it failed to sustain the appellant's motion to set aside the jury's verdict (J.N.O.V.) as legally insufficient, or, in the alternative, for failing to grant the motion for a new trial as the jury's verdict was contrary to the overwhelming weight of the evidence" (ECF No. 12-6). Within this issue, Flynt also argued that the jury did not "fully and fairly consider" his self-defense claim. However, the Mississippi Supreme Court found his argument to be without merit on both the legal sufficiency and weight of the evidence grounds. *Flynt*, 183 So. 3d at 7-14. Although the dissent argued that Flynt's right to a speedy trial was violated and the Mississippi Supreme Court should have granted relief "on the basis of plain-error review," the majority stated that "Flynt failed to raise a speedy-trial issue at any time during his trial or appeal, and we now decline to address it utilizing plain error." *Compare id.* at 15-19 (Kitchens, J., dissenting), *with id.* at 14 (majority opinion). Therefore, the Mississippi Supreme Court affirmed Flynt's conviction.

After Flynt's Motion for Rehearing (ECF No. 12-9) was denied (ECF No. 12-5 at 3), Flynt filed an Application for Leave to Proceed into the Trial Court on Post-Conviction Collateral Relief (ECF No. 12-10 at 80-119), in which he raised four grounds for relief:

1. Was Flynt's fundamental right to a fast and speedy trial violated?

2. Does the Castle Doctrine automatically render insufficient the evidence supporting a conviction for manslaughter?

3. Was Flynt denied his fundamental right to effective assistance of trial and appellant counsel?

4. Does the enhancement of Flynt's sentence and the amending of his indictment after being found guilty of manslaughter violate his fundamental right to due process and double jeopardy?

The Mississippi Supreme Court denied his application (ECF No. 12-10 at 24-25). Flynt then filed a Successive Application for Leave to Proceed into the Trial Court on Post-Conviction Collateral Relief (ECF No. 12-10 at 6-12), in which he argued that the gun enhancement sentence violated his right to a jury trial "because the jury did not specifically find the firearm enhancement separate and apart from finding him guilty of manslaughter." The Mississippi Supreme Court found that application was barred as a successive application, but it also stated his claim was without merit (ECF No. 12-10 at 2).

On April 2, 2018, Flynt filed the instant 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (ECF No. 1) and a Memorandum in Support (ECF No. 2), in which he raises the following grounds for relief:[1]

1. Whether the trial court erred when it failed to sustain the petitioner's motion to set aside the jury's verdict (J.N.O.V.) as legally insufficient, or, in the alternative for failing to grant the motion for a new trial as the jury's verdict was contrary to the overwhelming weight of the evidence?

2. Whether Flynt's fundamental right to a fast and speedy trial was violated?

3. Whether the Castle Doctrine automatically renders insufficient the evidence supporting a conviction for manslaughter?

4. Whether Flynt was denied his fundamental right to the effective assistance of trial and appeal counsel?

---

[1] The Court notes that Flynt raised only four grounds for relief in his Petition, but he raised all six grounds for relief in his Memorandum. Because Flynt's arguments are contained in his Memorandum, the Court has followed the numbering used in it.

3

5. Whether the enhancement of Flynt's sentence and the amending of his indictment after being found guilty of manslaughter violate[s] his fundamental right to due process and double jeopardy?

6. Whether the gun enhancement sentence violated Flynt's fundamental right to a jury trial?

Respondent filed an Answer (ECF No. 11) on July 25, 2018. He alleges that two of Flynt's grounds for relief are procedurally barred while the other grounds were considered by the Mississippi Supreme Court and its decisions are not an unreasonable application of the law.

## II. DISCUSSION

### A. <u>Standard of Review</u>

Before considering the merits of a petition under 28 U.S.C. § 2254 for writ of habeas corpus, the Court must first determine if all procedural steps necessary to preserve each issue raised for federal review have been taken. First, the petition must be timely filed with the Court in compliance with 28 U.S.C. § 2244(d)(1).[2] Second, a writ of habeas corpus may not be granted unless it appears that a petitioner has exhausted all available state court remedies. *See* 28 U.S.C. § 2254(b)(1). To exhaust a federal constitutional claim, a petitioner must "fairly present" in state court both the operative facts and federal legal theory of his or her claim in a procedurally proper manner. *O'Sullivan v. Boerckel,* 526 U.S. 838, 848 (1999).

As a matter of comity and federalism, federal courts generally may not review a state court's denial of a federal constitutional claim if the state court's

---

[2] There is no challenge to the timeliness of the Petition.

decision rests on a state procedural ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson,* 501 U.S. 722, 729-30 (1991). "To qualify as an 'adequate' procedural ground, a state rule must be 'firmly established and regularly followed.'" *Walker v. Martin,* 562 U.S. 307, 316 (2011); (quoting *Beard v. Kindler,* 558 U.S. 53, 60-61 (2009)). A federal court may also find claims procedurally defaulted if the petitioner failed to present them in state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Sones v. Hargett,* 61 F.3d 410, 416 (5th Cir. 1995) (quoting *Coleman,* 501 U.S. at 735 n.1). Federal courts retain the power to consider the merits of a procedurally defaulted claim if the petitioner demonstrates legitimate cause for the failure to properly exhaust the claim in state court and prejudice from the alleged constitutional violation or shows that a fundamental miscarriage of justice would result if the claim is not heard on the merits in federal court. *See Schlup v. Delo,* 513 U.S. 298, 324-27 (1995).

Substantively, the issue in a federal habeas proceeding is not whether there was an error in applying state law but instead whether there has been a denial of rights protected by the United States Constitution. *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Id.* The federal courts do not function as super appellate courts over the states to review errors under state law and may not correct errors of state law unless they also violate the constitutional rights of an

accused. *See Smith v. Phillips,* 455 U.S. 209, 221 (1982); *Mendiola v. Estelle,* 635 F.2d 487, 491 (5th Cir. 1981).

Even in matters affecting constitutional rights, federal courts have a very limited scope of review. The Court's authority to grant relief to a person held in custody pursuant to a state judgment is narrowly circumscribed by 28 U.S.C. § 2254(d), which provides that a writ of habeas corpus shall not be granted unless the state court adjudication of the claim:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As recently summarized by the Fifth Circuit Court of Appeals:

> Because "§ 2254(d)(1)'s 'contrary to' and 'unreasonable application' clauses have independent meaning," there are three ways a federal court can grant habeas relief: (1) if the state court decision was contrary to clearly established Supreme Court law; (2) if the state court decision involved an unreasonable application of clearly established Supreme Court law; or (3) if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented. "AEDPA's standard is intentionally difficult to meet."

*Poree v. Collins,* 866 F.3d 235, 245 (5th Cir. 2017) (quoting *Bell v. Cone,* 535 U.S. 685, 694 (2002); *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015)). The state court's factual findings are presumed to be correct. The petitioner may rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. §

2254(e)(1).

**B. <u>Analysis</u>**

**1. Procedural Bar**

Respondent argues that grounds three and six are procedurally barred. In ground three, Flynt argues that the castle doctrine renders the evidence insufficient to support his manslaughter conviction. During his direct appeal, the Mississippi Supreme Court stated that he "failed to cite any authority pertaining to the Castle Doctrine or how it should be applied to the facts of his case." *Flynt*, 183 So. 3d at 11. Therefore, the Mississippi Supreme Court held that the issue was procedurally barred. *See Rubenstein v. State*, 941 So. 2d 735, 780 (Miss. 2006) (citing *Bell v. State*, 879 So. 2d 423, 434 (Miss. 2004)).

In ground six, Flynt argues that his right to a jury trial was violated by the gun enhancement sentence. Although Flynt first addressed the issue in his reply on his first application for post-conviction relief,[3] he raised it in his successive application (ECF No. 12-10 at 6-12). The Mississippi Supreme Court found the issue was procedurally barred by Miss. Code Ann. 99-39-27(9), which provides that a "dismissal or denial of an application under this section is a final judgment and shall be a bar to a second or successive application under this article."

"Where a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, this court may not

---

[3] Mississippi's Supreme Court, like the Fifth Circuit, "will not consider issues raised for the first time in [a] reply brief." *Nelson v. State*, 69 So. 3d 50, 52 (Miss. Ct. App. 2011) (quoting *Sanders v. State*, 678 So. 2d 663, 669-70 (Miss. 1996)).

review the prisoner's habeas petition." *Stokes v. Anderson*, 123 F.3d 858, 859 (5th Cir. 1997) (citing *Coleman*, 501 U.S. at 729). However, an exception exists if the prisoner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.*

Any such state procedural bar must be "firmly established and regularly followed." *Beard,* 558 U.S. at 60-61 (internal quotations omitted). Flynt "bears the burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his direct appeal" and "must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself." *Stokes*, 123 F.3d at 860.

With respect to Flynt's failure to cite any authority on ground three, this Court has previously held that the procedural bar for failure to cite authority was an independent and adequate state law ground. *Broomfield v. King*, Civil Action No. 1:05-cv-471-DMR-JMR, 2007 WL 1175352, at *2-4 (S.D. Miss. Apr. 20, 2007); *see also Glasper v. McCaskey*, Civil Action No. 4:07-cv-084-M-B, 2008 WL 2699791, at *3 (N.D. Miss. June 30, 2008). This Court has likewise held that Miss. Code Ann. § 99-39-27(9) is also an independent and adequate state law ground. *See Rivera-Guadiana v. King*, Civil Action No. 1:12-cv-395-HSO-RHW, 2014 WL 6951067, at *4-5 (S.D. Miss. Dec. 8, 2014).

Flynt has not met his burden of showing that either procedural bar was not strictly or regularly followed, as he did not file a reply and did not address the issue

in his Petition or Memorandum. Further, Flynt has not shown cause for the default. Although Flynt raises ineffective assistance of counsel in ground four, as discussed below, the Court finds that his claim is without merit. Flynt also represented himself in both applications for post-conviction relief. Therefore, he has not demonstrated cause for the default on either ground. Flynt has not demonstrated that the failure to consider these claims will result in a fundamental miscarriage of justice either, as he must "show that he has a colorable claim of factual innocence." *Shore v. Davis*, 845 F.3d 627, 633 n.4 (5th Cir. 2017) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). Therefore, Flynt's claims in grounds three and six are procedurally barred.

### 2. Weight and Sufficiency of the Evidence

In his first ground for relief, Flynt challenges both the weight and sufficiency of the evidence. However, "[a] weight-of-the-evidence claim is purely a matter of state law and is not cognizable on habeas review as it requires an assessment of the credibility of the evidence presented at trial." *Branch v. Mississippi*, Civil Action No. 3:10-cv-255-HTW-LRA, 2013 WL 3776740, at 3 (S.D. Miss. July 18, 2013) (citing *Tibbs v. Florida*, 457 U.S. 31, 37-38 (1982)). Therefore, Flynt is not entitled to habeas relief on his weight of the evidence claim.

As to his sufficiency claim, the Supreme Court has stated "evidence is sufficient to support a conviction whenever, 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Parker v. Matthews*,

567 U.S. 37, 43 (2012) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979))

(emphasis in original). Further, "a state-court decision rejecting a sufficiency

challenge may not be overturned on federal habeas unless the 'decision was

objectively unreasonable.'" *Id.* (quoting *Cavazos v. Smith*, 565 U.S. 1, 2 (2011)).

Flynt's argument concerning sufficiency primarily focuses on what he claims

is contradictory evidence. He argues that that the "critical factual details given by

the prosecution's key eyewitness[es] surrounding the killing were patently

contradictory and therefore, should be unbelievable to reasonable men" (ECF No. 2

at 14-15). Essentially, he uses this section of his brief to again present his theory of

the case. However, the Mississippi Supreme Court provided a thorough analysis of

this issue. Although it acknowledged that some of the evidence was contradictory, it

found that

> sufficient evidence pointed to Tommy [Flynt] as the
> shooter: Tommy admits to fighting with Teresa [the
> victim]; testimony indicated that Teresa pinned Tommy
> down at least twice; Tommy was able to escape from Teresa
> at least twice and walk to his office; Tommy kept a gun in
> his office; Teresa was shot in Tommy's office by Tommy's
> gun; Tommy had gunshot residue on both hands; Tommy
> had his hands on the gun when police arrived; and two
> police officers testified that they heard Tommy say
> something about shooting Teresa and/or wanting to shoot
> her again.

*Flynt*, 183 So. 3d at 9-10. This evidence is sufficient to support the verdict of

manslaughter, as the state was required to show that Flynt "(1) killed Teresa; (2)

with a dangerous weapon; (3) without authority of law; and (4) not in necessary self-

defense." *Id.* at 9. Although Flynt attempted to show that he was acting in self-

defense, because the evidence is viewed in the light most favorable to the
prosecution, the Mississippi Supreme Court's decision is not contrary to, or an
unreasonable application of, federal law.  Therefore, Flynt is not entitled to habeas
relief on this ground.

### 3. Speedy Trial

Flynt next argues that his right to a speedy trial, as protected by both the
United States Constitution and the Mississippi Constitution, was violated.
However, because "it is not the province of a federal habeas court to reexamine
state-court determinations on state-law questions," this Court will only address
Flynt's federal speedy trial claim. *Estelle*, 502 U.S. at 67-68. The Sixth Amendment
provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a
speedy and public trial." This right "applies to state criminal proceedings through
the Fourteenth Amendment." *Goodrum v. Quarterman*, 547 F.3d 249, 257 (5th Cir.
2008).

The Supreme Court has set out four factors to analyze in determining
whether the right has been violated: length of delay, reason for the delay, the
defendant's assertion of his right, and prejudice to the defendant. *Barker v. Wingo*,
407 U.S. 514, 530 (1972). However, "none of the four factors [are] either a necessary
or sufficient condition to the finding of a deprivation of the right to a speedy trial.
Rather, they are related factors and must be considered together with such other
circumstances as may be relevant." *Id.* at 533. Of course, a state court's decision on
the speedy trial issue is entitled to a high degree of deference under AEDPA, as

11

"this always-substantial deference is at an apex when [a court is] reviewing a state's court's application of a broad, general standard whose application 'to a specific case can demand a substantial element of judgment.'" *Amos v. Thornton*, 646 F.3d 199, 205 (5th Cir. 2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

In this case, the crime occurred on April 11, 2009; Flynt was indicted on September 24, 2009. Although he was arrested on October 2, 2009, Flynt was released on bond. Trial was originally scheduled for February 22, 2010 and was rescheduled for May 24, 2010, but Flynt's case was passed to the inactive files on May 25, 2010, due to the fact that some evidence in the custody of the Hattiesburg Police Department had been "misplaced, lost, or inadvertently destroyed" and "some matters [had] not been fully investigated." On June 21, 2013, after a new district attorney came into office, the state filed a motion to reinstate the case to the active docket. The trial court granted the motion and issued a warrant for Flynt's arrest on June 24, 2013. Trial began on October 15, 2013. (ECF No. 12-1) Therefore, just over four years, or 1,483 days, passed between Flynt's indictment and his trial. During Flynt's direct appeal, the Mississippi Supreme Court declined to address the issue under the plain error doctrine. *Flynt*, 183 So. 3d at 14. Although Flynt raised the issue in his first application for post-conviction relief, the Mississippi Supreme Court denied his application without discussion (ECF No. 12-10 at 24-25).

Even though the Mississippi Supreme Court did not provide a detailed *Barker* analysis, Flynt must show "there was no reasonable basis for the state court to deny relief." *Amos*, 646 F.3d at 205 (quoting *Harrington v. Richter*, 562 U.S. 86,

12

98 (2011)). However, after a review of the *Barker* factors, the undersigned finds that Flynt has not met this burden.

With respect to the length of delay, the delay here clearly exceeded the one-year required to trigger a full *Barker* analysis. *See Goodrum*, 547 F.3d at 257. Because the delay was approximately four years, this factor weighs in Flynt's favor. Next, the Court considers the reason for the delay. Here, Flynt's case was passed to the inactive files because of lost evidence. However, there is no allegation that the state intentionally destroyed evidence or sought a tactical advantage by means of the delay, which would cause this factor to weigh heavily against the state. However, "[a] more neutral reason such as negligence or overcrowded courts should be weighted less heavily." *Barker*, 407 U.S. at 531. The second factor weighs against the state, though less heavily than Flynt would suggest.

Next, courts consider the defendant's assertion of the right. Although the dissenting Mississippi Supreme Court Justice would not weigh this factor against him, as his case was passed to the inactive files only 243 days after he was indicted, Flynt never asserted his right to a speedy trial. *Flynt*, 183 So. 3d at 17-18. Although Flynt argues he made an assertion at his arraignment in October 2009 (ECF No. 2), no such assertion is apparent from the record. Additionally, Flynt's counsel sought a continuance after his case was reinstated to the active docket. Ultimately, "[t]he burden is 'on the defendant to alert the government of his grievances.'" *Amos*, 646 F.3d at 207 (quoting *Robinson v. Whitley*, 2 F.3d 562, 569 (5th Cir. 1993)). Flynt's "failure to assert the right" makes "it difficult for [him] to prove that he was denied

a speedy trial." *Barker*, 407 U.S. at 532. Therefore, this factor weighs in favor of the state.

The final factor is prejudice to the accused, which must be considered "in light of the interests of defendants which the speedy trial right was designed to protect," which include preventing oppressive pretrial incarceration, minimizing anxiety and concern of the accused, and limiting the possibility that the defense will be impaired. *Id*. Flynt was not incarcerated during the delay, so the first interest is not affected. Although Flynt argues that the record shows he suffered from anxiety and concern (ECF No. 2), the undersigned disagrees. Further, "generalized expressions of anxiety and concern amount to little more than a nominal showing of prejudice." *Goodrum*, 547 F.3d at 263. As such, only the third interest, limiting the possibility that the defense will be impaired, is at issue.

However, the delay in Flynt's case was only four years, therefore, he must show actual prejudice. *See Doggett v. United States*, 505 U.S. 647, 658 (1992) (When the Government's negligence thus causes delay six times as long as that generally sufficient to trigger judicial review . . . and when the presumption of prejudice, albeit unspecified, is neither extenuated, as by the defendant's acquiescence, . . . nor persuasively rebutted, the defendant is entitled to relief). However, Flynt merely argues that the fact the case was passed to the inactive files because of some missing evidence is sufficient to show that his defense was significantly impaired, despite the fact that he admits the "record is unclear about the nature of this evidence" (ECF No. 2). He makes a similar argument with respect to the destruction

14

of defense counsel's file during the delay. However, Flynt has not shown that this missing evidence impacted his ability to present a defense, nor is it even clear that the delay is responsible for the missing evidence, as only eight months passed between his indictment and the passing of his case to the inactive files because of the missing evidence. Flynt also has not identified any witnesses who were rendered unavailable or who could not recall the incident because of the delay. His claim of prejudice is not supported by the record.

Given that only the first two factors weigh in Flynt's favor, and the second less heavily so, "fairminded jurists could easily conclude that [Flynt] did not suffer a violation of his Sixth Amendment right to a speedy trial. It follows that the Mississippi Supreme Court's rejection of [Flynt's] speedy-trial claim was neither contrary to nor involved an unreasonable application of clearly established federal law." *Amos*, 646 F.3d at 209.

### 4. Effective Assistance of Counsel

Next, Flynt argues that he received ineffective assistance of counsel. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." This right to counsel "is the right to the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). To show he received ineffective assistance of counsel, Flynt "must show that counsel's performance was deficient," which "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel'

15

guaranteed the defendant by the Sixth Amendment." Further, he must show that the performance prejudiced his defense, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. However, "[j]udicial scrutiny of counsel's performance must be highly deferential," and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

However, Flynt is challenging his counsel's performance in a habeas petition. The Fifth Circuit has stated:

> the test for federal habeas purposes is *not* whether [the petitioner made the showing required under *Strickland*]. Instead, the test is whether the state court's decision—that [the petitioner] did *not* make the *Strickland*-showing—was contrary to, or an unreasonable application of, the standards, provided by the clearly established federal law (*Strickland*), for succeeding on his [ineffective assistance of counsel] claim.

*Busby v. Dretke*, 359 F.3d 708, 717 (5th Cir. 2004) (quoting *Schaetzle v. Cockrell*, 343 F.3d 440, 444 (5th Cir. 2003)) (emphasis and alterations in original). "The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington v. Richter*, 562 U.S. 86, 105 (2011).

Flynt argues that his trial and appellant counsel were deficient for "failing to conduct a[n] independent investigation and raising all pertinent issues on direct appeal." With respect to his trial counsel, he argues that his counsel requested a

16

continuance in order to reconstruct the investigative file and to have additional time to prepare. However, the trial court denied the request. Flynt argues that because this refusal denied him due process, his trial counsel was ineffective.

Flynt does not raise the denial of due process with respect to the motion to continue elsewhere in his argument. However, as noted by the Respondent, he "must establish 'a reasonable probability that the granting of a continuance would have permitted him to adduce evidence that would have altered the verdict.'" *McFadden v. Cabana*, 851 F.2d 784, 788 (5th Cir. 1988) (quoting *Kirkpatrick v. Blackburn*, 777 F.2d 272, 281 (5th Cir. 1985)). Flynt has not established such a probability. In fact, he has offered no indication of what evidence would have been found. Further, despite the denial, the record indicates that counsel provided diligent representation to Flynt during trial proceedings, such as filing motions in limine and motions to compel, conducting a thorough voir dire of the prospective jurors, cross examining the state witnesses, making objections, conducting a thorough direct examination of Flynt and the other defense witness, and presenting numerous proposed jury instructions, (ECF No. 12-1 at 50-54; ECF No. 12-2 at 51-59, 104, 111-18, 125, 127-28, 148-51; ECF No. 12-3 at 2-19, 25-28, 33-35, 41-45, 49-54, 57, 67-73, 80-81, 88, 93-101, 114, 120-21, 133-36, 148, 151; ECF No. 12-4 at 2-17, 24-47, 64, 79-85, 89-90, 105-12). Therefore, Flynt has not shown that his trial counsel was deficient.

Further, Flynt only makes a bare allegation of prejudice, stating that it is apparent from the record that trial counsel did not conduct an independent

investigation because evidence "that could have helped prove Flynt's innocence" was "lost, misplaced or destroyed" (ECF No. 2 at 40). However, Flynt has not made any arguments about how the missing evidence could prove his innocence, nor has he shown that counsel was responsible for the missing evidence. As such, Flynt's conclusory allegation of prejudice is insufficient to raise an ineffective assistance of counsel claim on habeas review. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)).

With respect to his appellate counsel, Flynt argues that counsel should have raised the issues of "the castle doctrine, fast and speedy trial violation and ineffective assistance of counsel in his direct appeal"[4] (ECF No. 2 at 43). First, Flynt's counsel raised the issue of the castle doctrine on appeal. Although the Mississippi Supreme Court found the issue to be procedurally barred, it still considered the issue on the merits. *Flynt*, 183 So. 3d at 11-14. Counsel also raised the issue in his Motion for Rehearing (ECF No. 12-9). However, appellate counsel is not required "to raise every 'colorable' claim suggested by a client." *Jones v. Barnes*, 463 U.S. 745, 754 (1983). Courts should not "second-guess reasonable professional judgments." *Id.* Because the decisions of which arguments to bring constitutes strategy and because Flynt has not shown prejudice, Flynt's argument that his appellate counsel provided ineffective assistance is without merit.

Notwithstanding the above analysis, Flynt relies primarily on the footnote from the dissenting Mississippi Supreme Court Justice stating Flynt was "limited

---

[4] The Court assumes that Flynt means that on appeal, his appellate counsel should have argued that trial counsel was ineffective.

by the arguments made by his counsel at both the trial and appellate level." *Flynt*, 183 So. 3d at 15 n. 2 (Kitchens, J., dissenting). However, even when Flynt raised these issues in his post-conviction motions, the Mississippi Supreme Court found that his arguments were without merit.[5] Counsel cannot be ineffective for failing to raise a meritless issue. *States v. Hall*, 711 Fed. App'x 198, 201 (5th Cir. 2017) (citing *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999)). Flynt has not shown that the Mississippi Supreme Court's decisions on these issues were contrary to, or an unreasonable application of federal law, nor has he shown that the Mississippi Supreme Court's decision with respect to his ineffective assistance claim was an unreasonable application of *Strickland*. Therefore, Flynt's ineffective assistance of counsel claim in ground four must fail.

### 5. Due Process and Double Jeopardy

In his fifth ground for relief, Flynt argues that the state's motion to amend his indictment to add the gun enhancement shortly before his trial surprised his counsel and prevented counsel from preparing an adequate defense. Because he was not given fair notice of the nature of the accusation, he argues his right to due process was violated. He further argues that because the trial court reserved ruling until after trial, his due process and double jeopardy rights were violated. Finally, he argues that because the jury's manslaughter verdict did not include killing the

---

[5] This even includes Flynt's procedurally barred claims concerning the Castle Doctrine and the sentence enhancement's impact on his right to a jury trial, as the Mississippi Supreme Court analyzed these claims on the merits, despite the procedural bars. *Flynt*, 183 So. 3d at 11-14; ECF No. 12-10 at 2.

victim with a gun, his right to a jury was violated.[6]

The record shows that on October 14, 2013, the day before trial started, the trial court addressed the state's motion to amend the indictment and reserved ruling on it (ECF No. 12-2 at 28-29). However, after the jury returned with the manslaughter verdict, the state renewed its motion, and the trial court enhanced Flynt's sentence (ECF No. 12-4 at 143-44).

Flynt's first argument is that his right to due process was violated because the state surprised counsel with the enhancement and she did not have adequate time to prepare a defense. However, counsel did not object when the state first made the motion (ECF No. 12-2 at 2), nor did counsel make a formal objection when the motion was renewed (ECF No. 12-4 at 143). Although counsel stated she did not have a response when the issue was first raised, the Court did not rule on the motion until two days later, at the conclusion of the trial. Further, even if counsel requested a continuance and the trial court denied it, "[t]he matter of continuance is traditionally within the discretion of the trial judge, and . . . not every denial of a request for more time . . . violates due process even if the party fails to offer evidence or is compelled to defend without counsel." *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964). Courts will only grant habeas relief for due process violations when the proceedings are "fundamentally unfair." *Neyland v. Blackburn*, 785 F.2d 1283, 1293 (5th Cir. 1986) (quoting *McAffee v. Procunier*, 761 F.2d 1124, 1126 (5th Cir.

---

[6] Although this is more properly part of Flynt's procedurally barred sixth ground for relief, because he also raised it here, the undersigned addresses this argument on its merits.

1985)). Given that Flynt has not shown any prejudice from the timing of the amendment, he is not entitled to habeas relief on due process grounds.

With respect to Flynt's double jeopardy argument, Flynt was indicted for murder, which required the state to prove that Flynt "did willfully, feloniously and without the authority of law kill and murder [the victim], a human being, with deliberate design to effect the death of the [victim] . . . ." (ECF No. 12-1 at 13). Ultimately, he was convicted of manslaughter (ECF No. 12-1 at 94), a lesser included offense. *See* Miss. Code Ann. 99-7-37. To prove a violation of Miss. Code Ann. § 97-37-37, the gun enhancement statute, the state was required to prove that Flynt used a firearm during the commission of the felony. The elements of manslaughter and the gun enhancement are not the same, as "each statute requires proof of an additional fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Flynt has failed to establish that the state court's rejection of this claim was contrary to, or an unreasonable application of *Blockburger*. His conviction for manslaughter and for the use of a firearm during the commission of a felony does not implicate the Double Jeopardy Clause. *See Wansley v. Fisher*, Civil Action No. 3:13-cv-517-HTW-LRA, 2015 WL 1650079, at *5-6 (S.D. Miss. Apr. 14, 2015).

Finally, the record is clear that whether Flynt used a gun was never in question. Despite's Flynt contention that the jury did not find that Flynt used a gun, the jury instructions included several references to the use of a gun. For example, jury instruction S-2 stated that in order to find Flynt guilty of

manslaughter, the jury was required to find that Flynt "shot and killed" the victim. Jury instruction S-4 required the jury to find that Flynt killed the victim "with a gun." Jury instructions D-3, D-5, D-14, and D-19, self-defense instructions, and jury instructions D-13 and D-20, accident instructions, all included a reference to Flynt shooting the victim (ECF No. 12-1 at 72, 74, 82, 84, 87-88, 90-91). Therefore, Flynt's case is unlike *Clayton v. State*, in which the Mississippi Court of Appeals found that the application of Miss. Code Ann. § 97-37-37 was improper because the jury instructions did not specify the type of deadly weapon used. 164 So. 3d 522, 526-27 (Miss. Ct. App. 2015); *compare Waits v. State*, 119 So. 3d 1024, 1029-30 (Miss. 2013), *with Johnson v. State*, 44 So. 3d 365, 367-68 (Miss. 2010). Therefore, the Mississippi Supreme Court's determination of Flynt's case was not an unreasonable application of *Apprendi v. New Jersey*, which requires that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000). Therefore, Flynt's claim for relief in ground five must also fail.

### III. RECOMMENDATION

Based on the above analysis, the undersigned recommends that Thomas Glenn Flynt's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus be denied and this case dismissed.

### IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED**, this the 3rd day of October, 2019.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE