IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

THOMAS GLENN FLYNT                                                    PETITIONER

VS.                                              CIVIL ACTION NO. 2:18-CV-50-KS-JCG

BOBBY FAIRLEY, WARDEN                                                 RESPONDENT

<u>ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND DISMISSING CASE WITH PREJUDICE, ETC.</u>

This cause is before the Court on Petition of Thomas Glenn Flynt (Petitioner) pursuant to 28 U.S.C. § 2254 [1], Respondent's Answer, Affirmative Defenses and Motion to Dismiss [11], Report and Recommendation [13] of Magistrate Judge John Gargiulo, Objections thereto [21] filed by Petitioner, and Response [23] in opposition to Objections filed by Respondent, and the Court considering the above as well as the record herein finds as follows:

I. PROCEDURAL HISTORY

Flynt is a postconviction inmate in the custody of the Mississippi Department of Corrections. After a jury trial in the Circuit Court of Forrest County, Mississippi, Flynt was convicted of manslaughter on October 16, 2013. He was sentenced to twenty years, with five years suspended and fifteen to serve, with an additional five consecutive years for a firearm enhancement. After his Motion for Judgment Notwithstanding the Verdict or, in the Alternative, a New Trial was denied, Flynt appealed, and the Mississippi Supreme Court affirmed his conviction. *Flynt v. State*, 183 So. 3d 1 (Miss. 2015).

Flynt raised one issue during his state appeal: "[w]hether the trial court erred when it failed to sustain the appellant's motion to set aside the jury's verdict (J.N.O.V.) as legally insufficient, or, in the alternative, for failing to grant the motion for a new trial as the jury's verdict was contrary to the overwhelming weight of the evidence" (ECF No. 12-6). Within this issue, Flynt also argued that the jury did not "fully and fairly consider" his self-defense claim. However, the Mississippi Supreme Court found his argument to be without merit on both the legal sufficiency and weight of the evidence grounds. *Flynt*, 183 So. 3d at 7-14. Although the dissent argued that Flynt's right to a speedy trial was violated and the Mississippi Supreme Court should have granted relief "on the basis of plain-error review," the majority stated that "Flynt failed to raise a speedy-trial issue at any time during his trial or appeal, and we now decline to address it utilizing plain error." *Compare id.* at 15-19 (Kitchens, J., dissenting), *with id.* at 14 (majority opinion). Therefore, the Mississippi Supreme Court affirmed Flynt's conviction.

After Flynt's Motion for Rehearing (ECF No. 12-9) was denied (ECF No. 12-5 at 3), Flynt filed an Application for Leave to Proceed into the Trial Court on Post-Conviction Collateral Relief (ECF No. 12-10 at 80-119), in which he raised four grounds for relief:

1. Was Flynt's fundamental right to a fast and speedy trial violated?

2. Does the Castle Doctrine automatically render insufficient the evidence supporting a conviction for manslaughter?

3. Was Flynt denied his fundamental right to effective assistance of trial and appellant counsel?
4. Does the enhancement of Flynt's sentence and the amending of his indictment after being found guilty of manslaughter violate his fundamental right to due process and double jeopardy?

The Mississippi Supreme Court denied his application (ECF No. 12-10 at 24-25). Flynt then filed a Successive Application for Leave to Proceed into the Trial Court on Post-Conviction Collateral Relief (ECF No. 12-10 at 6-12), in which he argued that the gun enhancement

sentence violated his right to a jury trial "because the jury did not specifically find the firearm enhancement separate and apart from finding him guilty of manslaughter." The Mississippi Supreme Court found that application was barred as a successive application, but it also stated his claim was without merit (ECF No. 12-10 at 2).

On April 2, 2018, Flynt filed the instant 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (ECF No. 1) and a Memorandum in Support (ECF No. 2), in which he raises the following grounds for relief:[1]

1. Whether the trial court erred when it failed to sustain the petitioner's motion to set aside the jury's verdict (J.N.O.V.) as legally insufficient, or, in the alternative for failing to grant the motion for a new trial as the jury's verdict was contrary to the overwhelming weight of the evidence?

2. Whether Flynt's fundamental right to a fast and speedy trial was violated?

3. Whether the Castle Doctrine automatically renders insufficient the evidence supporting a conviction for manslaughter?

4. Whether Flynt was denied his fundamental right to the effective assistance of trial and appeal counsel?

5. Whether the enhancement of Flynt's sentence and the amending of his indictment after being found guilty of manslaughter violate[s] his fundamental right to due process and double jeopardy?

6. Whether the gun enhancement sentence violated Flynt's fundamental right to a jury trial?

Respondent filed an Answer (ECF No. 11) on July 25, 2018. He alleges that two of Flynt's grounds for relief are procedurally barred while the other grounds were considered by the Mississippi Supreme Court and its decisions are not an unreasonable application of the law.

---

[1] The Court notes that Flynt raised only four grounds for relief in his Petition, but he raised all six grounds for relief in his Memorandum. Because Flynt's arguments are contained in his Memorandum, the Court has followed the numbering used in it.

II.  STANDARD OF REVIEW

Before considering the merits of a petition under 28 U.S.C. § 2254 for writ of habeas corpus, the Court must first determine if all procedural steps necessary to preserve each issue raised for federal review have been taken. First, the petition must be timely filed with the Court in compliance with 28 U.S.C. § 2244(d)(1).[2] Second, a writ of habeas corpus may not be granted unless it appears that a petitioner has exhausted all available state court remedies. *See* 28 U.S.C. § 2254(b)(1). To exhaust a federal constitutional claim, a petitioner must "fairly present" in state court both the operative facts and federal legal theory of his or her claim in a procedurally proper manner. *O'Sullivan v. Boerckel,* 526 U.S. 838, 848 (1999).

As a matter of comity and federalism, federal courts generally may not review a state court's denial of a federal constitutional claim if the state court's decision rests on a state procedural ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson,* 501 U.S. 722, 729-30 (1991). "To qualify as an 'adequate' procedural ground, a state rule must be 'firmly established and regularly followed.'" *Walker v. Martin,* 562 U.S. 307, 316 (2011); (quoting *Beard v. Kindler,* 558 U.S. 53, 60-61 (2009)). A federal court may also find claims procedurally defaulted if the petitioner failed to present them in state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Sones v. Hargett,* 61 F.3d 410, 416 (5th Cir. 1995) (quoting *Coleman,* 501 U.S. at 735 n.1). Federal courts retain the power to consider the merits of a procedurally defaulted claim if the petitioner demonstrates legitimate cause for the failure to properly exhaust the claim in state court and prejudice from the alleged constitutional violation or shows that a fundamental miscarriage of

---

[2] There is no challenge to the timeliness of the Petition.

justice would result if the claim is not heard on the merits in federal court. *See Schlup v. Delo,* 513 U.S. 298, 324-27 (1995).

Substantively, the issue in a federal habeas proceeding is not whether there was an error in applying state law but instead whether there has been a denial of rights protected by the United States Constitution. *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Id.* The federal courts do not function as super appellate courts over the states to review errors under state law and may not correct errors of state law unless they also violate the constitutional rights of an accused. *See Smith v. Phillips,* 455 U.S. 209, 221 (1982); *Mendiola v. Estelle,* 635 F.2d 487, 491 (5th Cir. 1981).

Even in matters affecting constitutional rights, federal courts have a very limited scope of review. The Court's authority to grant relief to a person held in custody pursuant to a state judgment is narrowly circumscribed by 28 U.S.C. § 2254(d), which provides that a writ of habeas corpus shall not be granted unless the state court adjudication of the claim:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As recently summarized by the Fifth Circuit Court of Appeals:

> Because "§ 2254(d)(1)'s 'contrary to' and 'unreasonable application' clauses have independent meaning," there are three ways a federal court can grant habeas relief: (1) if the state court decision was contrary to clearly established Supreme Court law; (2) if the state court decision involved an unreasonable application of clearly established Supreme Court law; or (3) if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented. "AEDPA's standard is intentionally

5

difficult to meet."

*Poree v. Collins,* 866 F.3d 235, 245 (5th Cir. 2017) (quoting *Bell v. Cone,* 535 U.S. 685, 694 (2002); *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015)). The state court's factual findings are presumed to be correct. The petitioner may rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

III. PETITIONER'S OBJECTIONS AND ANALYSIS

As noted in Judge Gargiulo's Memorandum, Petitioner raised only four grounds for relief in his Petition but raised six grounds for relief in his Memorandum [2]. Judge Gargiulo addressed all six grounds as set forth in the Memorandum, and the Court will follow his format.

Issue 1

> Whether the trial Court erred when it failed to sustain the Petitioners motion to set aside the jury's verdict (J.N.O.V.) as legally insufficient, or, in the alternative for failing to grant the motion for a new trial, as the jury's verdict was contrary to the overwhelming weight of the evidence?

Petitioner spends a great deal of his forty page objection going through the facts of the case. Additionally he throws in some criticism of the Courts and attempts to demonstrate to the Court his writing ability, which is impressive. However what this Court is concerned with are the Constitutional violations that are alleged by Petitioner and whether the allegations have merit.

In his first ground Petitioner challenges both the weight and sufficiency of the evidence. Petitioner gives a narrative from his perspective but does not specifically point to any portion of Judge Gargiulo's Report and Recommendation and make coherent objections thereto. The analysis in the Report and Recommendation follows clear Mississippi law as to the requirements for a manslaughter conviction. The standard is that taking the evidence in the light most

favorable to the prosecution, was the verdict objectively reasonable. Judge Gargiulo finds that it was and this Court concurs. Petitioner is not entitled to habeas relief on ground one.

Issue 2

> Whether Flynt's fundamental right to a fast and speedy trial was violated?

The specific facts of this case were carefully laid out by both sides and an interesting twist in this case was that the Indictment of Flynt on September 24, 2009, was passed to the inactive files on May 25, 2010, because of some evidentiary issues in the Hattiesburg Police Department. On June 21, 2013, a motion was filed to reinstate the case to the active docket which was granted, and Flynt moved through the process which resulted in his conviction of manslaughter. The seminal case of *Barker v. Wingo,* 407 U.S. 514 sets forth the factors necessary for finding a deprivation of the right to a speedy trial. The factors were weighed by the Magistrate Judge, and this Court finds no fault with the weighting of same. Flynt's counsel sought a continuance and never asserted his right to a speedy trial. He was out on bond almost the entire time and no actual prejudice was shown by Petitioner. The analysis of the *Barker* factors weighs in favor of the State, and this Court finds that the speedy trial claim was neither contrary to, nor involved an unreasonable application of clearly established Federal law, and that Petitioner did not suffer a Sixth Amendment violation, and that this ground is without merit.

Issue 3

> Whether the Castle Doctrine automatically renders insufficient the evidence supporting a conviction for manslaughter?

The Mississippi Supreme Court held that this issue was procedurally barred citing *Rubenstein v. State,* 941 So. 2d 735 (Miss. 2006). Petitioner makes no credible objection to the

finding of Judge Gargiulo, and this Court finds that the procedural bar finding is appropriate and that this objection by Petitioner is without merit.

### Issue 4

> Whether Flynt was denied his fundamental right to effective assistance of trial and appeal counsel?

The thrust of Petitioner's complaint is that his case was extensively investigated by his first trial counsel but not investigated to his suiting by his second trial counsel. *Strickland v. Washington,* 466 U.S. 668 (1984) and its progeny is the standard for effective assistance of counsel claims. Judge Gargiulo's analysis of Flynt's trial and appellate counsel is correct and Petitioner has not pointed out or objected to any specific finding by Judge Gargiulo. This Court finds that the Report and Recommendations finding on this point is supported by the evidence and that the Objection by Petitioner is without basis.

### Issue 5

> Whether the enhancement of Flynt's sentence and the amending of his Indictment after being found guilty of manslaughter violate[s] his fundamental right to due process and double jeopardy?

Petitioner has not shown any prejudice from the timing of the amendment and is not entitled to habeas relief on due process ground relative to the timing of the filing of the amendment. The issue of the gun was clear throughout the trial and even some of the suggested jury instructions proposed by defendant admitted the fact that a gun was used to bring about the death of the victim. Petitioner has produced no sound basis for rejecting the analysis of Judge Gargiulo, and this Court finds that Petitioner's objection is not well taken and is without merit.

### Issue 6

> Whether the gun enhancement sentence violated Flynt's fundamental right to a jury trial?

As stated above the issue that a gun was used was never in question. Judge Gargiulo's finding of a procedural bar as to Issue 6 is correct, and this Court finds that Petitioner's objections fail.

IV. CONCLUSION

As required by 28 U.S.C. §636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objection. For the reasons set forth above, this Court concludes that Petitioner's Objections lack merit and should be **overruled**. The Court further concludes that the proposed Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation.

Accordingly, it is ordered that United States Magistrate Judge John Gargiulo's Report and Recommendation is accepted pursuant to 28 U.S.C. §636(b)(1) and that Thomas Flynt's claim is DISMISSED WITH PREJUDICE. All other pending motions are DENIED AS MOOT.

SO ORDERED this the ___23rd___ day of March, 2020.

                                                      ____s/Keith Starrett_____
                                                      UNITED STATES DISTRICT JUDGE